UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDLINE INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-1415-GMB |
| | ) |
| STRYKER SUSTAINABILITY SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Reconsideration. Doc. 53. Defendant asks the court to reconsider its order granting in part Defendant's Motion for Extension of Time to Complete Discovery (Doc. 50). Upon consideration of Defendant's motion, the applicable law, and the record as a whole, the court finds that the Motion for Reconsideration (Doc. 53) is due to be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an action for breach of contract in this court on August 28, 2019. Doc. 1. The parties then engaged in discovery for nearly one year. *See* Doc. 17 at 2. On September 29, 2020, Defendant filed a Motion to Bar Plaintiff from Presenting Evidence of Damages. Doc. 47. The motion remains pending and the parties' briefs are not yet due to be filed. Doc. 48. After filing the motion, Defendant filed a Motion for Extension of Time to Complete Discovery seeking to extend the deadlines for its

expert disclosures, all discovery, and the filing of dispositive motions into December 2020 and January 2021. Doc. 50 at 3.  Plaintiff responded in opposition to that motion. Doc. 51.

On October 8, 2020, this court entered an order granting in part Defendant's motion for extension. Doc 52.  The order extended the deadline for Defendant's expert disclosure to October 16, discovery to November 18, and dispositive motions to December 18. Doc. 52 at 1.  Defendant's motion for reconsideration asks the court for yet another extension of its deadline for expert disclosures. Doc. 53 at 2.

## II.  DISCUSSION

A motion to reconsider should be reserved for extraordinary circumstances. It is not an avenue for relitigating old matters. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).  And it is not a proper vehicle for advancing new legal theories or presenting previously available evidence. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).  In fact, this narrow remedy "is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (citing *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d. 1236, 1256 (M.D. Ala. 2000)).  "In the interests of finality and conservation of scarce judicial resources, reconsideration . . . is employed

2

sparingly." *Gougler v. Sirius Prod., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). "[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling." *Rueter v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (internal quotation and citation omitted). "[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (internal quotation and citation omitted).

Defendant has not provided the court with any basis for reconsidering its previous order. The motion for reconsideration puts forth no new evidence or changes in controlling law. The motion does not allege that the court's previous order constitutes clear error or resulted in manifest injustice. Instead, the motion reiterates the same concerns Defendant presented in the original motion for an extension. *Compare* Doc. 50 at 3, *with* Doc. 53 at 2. The court considered Defendant's position the first time it was raised, and as stated in the previous order both parties may seek leave to amend or supplement their expert disclosures following the resolution of Defendant's motion to bar Plaintiff from introducing evidence of damages. Doc. 52 at 1.

For these reasons, it is ORDERED that Defendant's Motion for Reconsideration (Doc. 53) is DENIED.

DONE and ORDERED on October 9, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE